UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DOMENIC BETTS,

          Plaintiff,

     v.

A. GONZALES, et al.,

          Defendants.

No.  2:26-cv-00270 TLN CSK

ORDER

Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis is granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the

amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

As discussed below, plaintiff's complaint is dismissed with leave to amend.

**I.      SCREENING STANDARDS**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v.

Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

## II.     PLAINTIFF'S COMPLAINT

Plaintiff names as defendants prison officials at California State Prison-Sacramento ("CSP-Sac") and Salinas Valley State Prison ("SVSP").  The defendants located at CSP-Sac are Captain Johnson, Correctional Officer Cuppinger, Captain Gonzales, Sergeant Hord, Correctional Officer Hernandez, Lieutenant Morrow, Counselor Palomera and doe defendants 2-4.  (ECF No. 1 at 2, 3.)  The defendants located at SVSP are Dr. Nguyen, Nurse Enriquez, Correctional Officer Jacobo, Correctional Officer Salazar, Lieutenant Ruiz, Captain Lomeli, Sergeant Camacho, Lieutenant Poodry, Dr. Mendez, G. Constantino, Warden, J. Arroyo and doe defendant 1.  (Id. at 3.)

### A.  Claims Challenging Conditions of Confinement at Both SVSP and CSP-Sac

Plaintiff claims that defendant Ruiz maliciously prosecuted plaintiff for a rules violation and found plaintiff guilty of the charges.  (Id. at 3.)  Plaintiff claims that the video showed that plaintiff was not guilty.  (Id. 3-4.)  Plaintiff claims that defendant Poodry violated plaintiff's due process rights during the disciplinary hearing by not allowing plaintiff to fully question his witnesses.  (Id. at 4.)  Plaintiff claims that on May 22, 2025, defendants Lomeli and Camacho aided defendant Ruiz in the prosecution of plaintiff and elevated plaintiff's charges.  (Id.) Plaintiff claims that defendants Palomera and Johnson gave plaintiff a secondary punishment and loss of time and privileges at CSP-Sac after plaintiff did time in administrative segregation for the disciplinary conviction.  (Id.)

### B.  Claims Challenging Conditions of Confinement at CSP-Sac

Plaintiff claims that defendants Hord and Hernandez wrote a rules violation report against plaintiff based on plaintiff's report of a Prison Rape Elimination Act ("PREA") violation that happened to plaintiff.  (Id. at 5.)  Plaintiff claims that defendant Morrow found plaintiff guilty of

3

the rules violation.  (Id.)

Plaintiff claims that defendant Cuppinger took plaintiff's medical glasses and left behind a note with a racial slur.  (Id. at 6.)

Plaintiff claims that on October 13, 2025, defendant doe 2 failed to immediately remove plaintiff's cellmate after plaintiff told defendant doe 2 that plaintiff's cellmate sexually assaulted plaintiff.  (Id.)  Plaintiff claims that defendant Gonzales put a hostile, violent inmate in plaintiff's cell three times in one day.  (Id.)  Plaintiff claims that on September 25, 2025, defendant doe 3 took away plaintiff's single cell chrono that led to plaintiff being sexually assaulted.  (Id.)

Plaintiff claims that defendants does 2 and 3 and defendant Gonzalez violated the PREA by failing to protect plaintiff after plaintiff claimed numerous sexual assaults.  (Id. at 7-8.) Plaintiff claims that defendants does 4-6 failed to protect plaintiff after plaintiff asked for protection from sexual assaults.  (Id. at 8.)  Plaintiff claims that defendant Gonzales retaliated against plaintiff for voicing safety concerns and writing grievances.  (Id.)

**C. Claims Challenging Conditions of Confinement at SVSP**

Plaintiff claims that defendants Nguyen and SVSP Warden violated the Americans with Disabilities Act ("ADA") and the Eighth Amendment by failing to provide plaintiff with the medical equipment plaintiff required for his left foot disability.  (Id. at 5-6.)  Plaintiff claims that defendant Mendez failed to give plaintiff mental health treatment on July 17, 2025.  (Id. at 6.) Plaintiff claims that defendant Mendez allowed plaintiff to hang himself three times on July 17, 2025. (Id.)  Plaintiff claims that defendant Salazar watched plaintiff hang and called plaintiff a "joke" and a "trick."  (Id.)  Plaintiff claims that on June 24, 2025, plaintiff called defendant Jacobo for help but defendant Jacobo left plaintiff on the floor.  (Id.)  Defendant Jacobo's partner later found plaintiff and called an ambulance.  (Id.)

Plaintiff claims that defendant Arroyo used excessive force against plaintiff when he slammed plaintiff into a wall for no reason  (Id. at 7.) Plaintiff claims that defendant Constantino violated plaintiff's First Amendment right to religious freedom and need for a kosher diet on May 15, 2025.  (Id.)  Plaintiff claims that defendant Enriquez committed defamation against plaintiff when she claimed she saw plaintiff doing physical acts on July 2, 2025.  (Id.)

4

**III.    DISCUSSION**

### A.  Legal Standard for Joining Claims

A plaintiff may properly assert multiple claims against a single defendant in a civil action. Fed. Rule Civ. P. 18.  In addition, a plaintiff may join multiple defendants in one action where "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions and occurrences" and "any question of law or fact common to all defendants will arise in the action."  Fed. R. Civ. P. 20(a)(2).  However, unrelated claims against different defendants must be pursued in separate lawsuits.  See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).  This rule is intended "not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees—for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees.  28 U.S.C. § 1915(g)."  Id.

### B.  Claims Challenging Conditions of Confinement at SVSP

Plaintiff's claims challenging conditions of confinement at SVSP are unrelated to the claims challenging conditions of confinement at CSP-Sac and the rules violation report originating at SVSP for which plaintiff was allegedly punished at CSP-Sac.  Plaintiff's claims challenging conditions of confinement at SVSP also name different defendants than are named in plaintiff's other claims.  Accordingly, plaintiff's claims challenging conditions of confinement at SVSP are dismissed as improperly joined with the other claims raised in the complaint.  See Fed. R. Civ. P. 20(a)(2); George, 507 F.3d at 607.  If plaintiff files an amended complaint, plaintiff shall not include the claims challenging conditions of confinement at SVSP.  Plaintiff is informed that SVSP is located within the Northern District of California, not this district, the Eastern District of California.  Plaintiff's claims challenging conditions of confinement at SVSP should be raised in a complaint filed in the United States District Court for the Northern District of California.

### C.  Remaining Claims

Plaintiff's remaining claims can be divided into four categories:  (1) the claims against

5

defendants Ruiz, Poodry, Lomeli, Camacho, Palomer and Johnson regarding the disciplinary conviction originating at SVSP and for which plaintiff was punished at CSP-Sac[1]; (2) the claims against defendants Hord, Hernandez and Morrow regarding the rules violation report plaintiff received after reporting a PREA violation; (3) the claim against defendant Cuppinger for taking plaintiff's medical glasses and leaving a note with a racial slur; and (4) the claims against defendants does 2-6 and Gonzales related to plaintiff's safety, including the retaliation claim against defendant Gonzales.  Plaintiff may not proceed with all four categories of these claims in the instant action as they are unrelated and name different defendants.  See Fed. R. Civ. P. 20(a)(2); George, 507 F.3d at 607.  Accordingly, these claims are dismissed and plaintiff is granted leave to file an amended complaint raising one of the category of claims identified above.

This Court observes that plaintiff attaches an exhibit to his complaint indicating that he was assessed 181 days of time credits for the disciplinary conviction originating at SVSP.  (ECF No. 1 at 15.)  If plaintiff was assessed 181 days of time credits for this disciplinary conviction, and the disciplinary conviction has not been invalidated, plaintiff's claims related to this disciplinary conviction are likely barred by the favorable termination rule in Heck v. Humphrey, 512 U.S. 477 (1994).  Under Heck, a prisoner may not bring a claim under § 1983 that necessarily implies the invalidity of a conviction or sentence until he has succeeded in invalidating the conviction or sentence.  See 512 U.S. at 486-87.  Heck applies to § 1983 claims arising from prison disciplinary proceedings that resulted in a sanction that affects a prisoner's term of confinement, such as the loss of time credits.  See Edwards v. Balisok, 520 U.S. 641, 648 (1997). A prisoner's challenge to a prison disciplinary proceeding is barred by Heck if judgment in his favor would necessarily imply the invalidity of the resulting loss of good time credits.  See id. at 646.

IV.    **LEAVE TO AMEND**

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions

---

[1] At screening, this Court finds that plaintiff's claims against defendants Ruiz, Poodry, Lomeli, Camacho, Palomer and Johnson regarding the disciplinary conviction originating at SVSP and for which plaintiff was punished at CSP-Sac are properly joined pursuant to Rule 20(a)(2).

6

about which he complains resulted in a deprivation of plaintiff's constitutional rights. See e.g., West, 487 U.S. at 48. Also, the complaint must allege in specific terms how each named defendant is involved. Rizzo v. Goode, 423 U.S. 362, 371 (1976). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo, 423 U.S. at 371; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Ramirez v. Cnty. of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

## V.      MOTION FOR JURISDICTION

Plaintiff filed a motion requesting that this court accept jurisdiction of his claims that occurred in the Northern District. (ECF No. 3.) As discussed above, plaintiff's claims challenging conditions of confinement at SVSP, which is located in the Northern District of California, are improperly raised in this action. For this reason, plaintiff's motion for the court to accept jurisdiction of his claims that occurred in the Northern District of California is denied.

## VI.     CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the

Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

a. The completed Notice of Amendment; and

b. An original of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint." Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

5. Plaintiff's motion for jurisdiction (ECF No. 3) is denied.

Dated:  May 11, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Bett270.14(3)/2

8

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DOMENIC BETTS,

          Plaintiff,

      v.

A. GONZALES, et al.,

          Defendants.

No.  2:26-cv-00270 TLN CSK

NOTICE OF AMENDMENT

    Plaintiff submits the following document in compliance with the court's order filed on _____ (date).

       [ ]   Amended Complaint

      (Check this box if submitting an Amended Complaint)

DATED:

                          _____
                          Plaintiff