UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOMENIC BETTS, Plaintiff, v. A. GONZALES, et al., Defendants. | No. 2:26-cv-00270 TLN CSK P<br><br>ORDER |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. On May 11, 2026, this Court dismissed plaintiff's complaint with thirty days to file an amended complaint because the claims raised were improperly joined. (ECF No. 8.) Thirty days passed and plaintiff did not file an amended complaint. (See docket.) On June 18, 2026, this Court recommended that this action be dismissed for failure to prosecute. (ECF No. 11.) On June 22, 2026, plaintiff filed a motion for an extension of time to file an amended complaint. (ECF No. 12.) On June 25, 2026, plaintiff filed an amended complaint. (ECF No. 13.) On June 29, 2026, plaintiff filed objections to the findings and recommendations. (ECF No. 14.)

Good cause appearing, the June 18, 2026 findings and recommendations are vacated and plaintiff's motion for an extension of time to file an amended complaint is granted. This Court below screens the amended complaint filed June 25, 2026.

## II. SCREENING STANDARDS

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the

pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

## III. DISCUSSION

Plaintiff identifies the defendants as Sergeant Bannish, Correctional Officer Gonzales, Correctional Officer Gomez, Correctional Officer Schram, Correctional Officer Hunt, Captain Gonzales, Captain Stratton, Sergeant Quezada, Correctional Officer Hernandez, Lieutenant Morrow, Warden Schultz, Officer Rios, Officer Whisler, Correctional Counselor Johnson and does 1-2. (ECF No. 13 at 10-11.) As discussed below, in the discussion of the claims, the amended complaint also identifies Sergeant Hord as a defendant. The alleged deprivations occurred at California State Prison-Sacramento ("CSP-Sac"). (Id. at 10.) This Court finds that plaintiff's amended complaint raises fourteen claims.

As relief, plaintiff seeks money damages and a permanent injunction ordering that plaintiff have single cell status. (Id. at 12.)

### A. Claim One

Plaintiff claims that on or around September 25, 2025, defendant Stratton violated the Eighth Amendment and plaintiff's right to due process when he illegally took away plaintiff's single cell status without a classification hearing. (Id. at 1.) Plaintiff claims that he told defendant Stratton that plaintiff had been sexually assaulted and abused multiple times (Id. at 7.) Plaintiff claims that he had single cell status because plaintiff was repeatedly sexually assaulted by cellmates and physically assaulted by cellmates (Id. at 1-2.) Plaintiff claims he was sexually assaulted on October 13 and/or October 14, 2025 and physically assaulted on May 22, 2026. (Id. at 1-3, 7.) Plaintiff claims that mental health gave plaintiff single cell status for his protection. (Id. at 2.)

An allegation that prison officials failed to protect an inmate from violence at the hands of other prisoners states a cognizable Eighth Amendment claim. See Farmer v. Brennan, 511 U.S. 825, 833 (1994) (Eighth Amendment requires prison officials to take reasonable measures to protect prisoners from violence at hands of other prisoners). The failure of prison officials to protect inmates from attacks by other inmates or from dangerous conditions at the prison violates

the Eighth Amendment when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent to inmate health or safety. See id. at 834. A prison official is deliberately indifferent if he knows of and disregards an excessive risk to inmate health or safety by failing to take reasonable steps to abate it. See id. at 837. This Court finds that plaintiff states a potentially colorable Eighth Amendment failure to protect claim against defendant Stratton. However, for the following reasons, this Court finds that these allegations do not state a potentially colorable due process claim against defendant Stratton.

State-created liberty interests protected by the Due Process Clause are generally limited to freedom from restraint that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). The inquiry turns not on "the wording of prison regulations" but on "the hardships caused by the prison's challenged action relative to 'the basic conditions' of life as a prisoner." Mitchell v. Dupnik, 75 F.3d 517, 522 (9th Cir. 1996) (quoting Sandin, 515 U.S. at 485). Courts have held that there is no protected liberty interest in single cell status. See Harper v. Schwarzenegger, 613 F. App'x 648, 648 (9th Cir. 2015) (no protected liberty interest in single-cell status classification) (citations omitted); Waters v. Flores, 2012 WL 484530, at *3 (E.D. Cal. Feb. 14, 2012) (collecting cases and concluding plaintiff has no constitutional right to have his own cell). Because plaintiff has no protected liberty interest in single cell status, plaintiff fails to state a potentially colorable due process claim against defendant Stratton. Accordingly, this claim is dismissed.

**B. Claim Two**

Plaintiff claims that defendant Hunt repeatedly called plaintiff a "fag" and "faggot" and other slurs. (ECF No. 13 at 2.) Plaintiff claims that on or around March 16, 2026, March 17, 2026 and March 19, 2026, defendant Hunt wrote plaintiff three rules violation reports for three separate indecent exposure crimes, which caused a sex crime paper to go on plaintiff's cell door. (Id.) Plaintiff claims that the three rules violation reports were dismissed but by then plaintiff was labeled as a sex offender and was assaulted by inmates and gassed by inmates. (Id.) Plaintiff was moved to administrative segregation due to safety concerns. (Id.)

Although the slurs defendant Hunt allegedly called plaintiff are offensive, allegations of verbal harassment generally do not state a claim under the Eighth Amendment. See Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987). Accordingly, to the extent plaintiff raises an Eighth Amendment claim based on the alleged verbal harassment, this claim is dismissed. This Court finds that the remaining allegations against defendant state a potentially colorable Eighth Amendment claim. See Hackworth v. Arevalos, 2026 WL 2030155, at *7 (E.D. Cal. July 14, 2026) ("When a prison official falsely accuses a prisoner of a sex offense, and the false accusation causes the prisoner to be identified as a sex offender through some other means that other prisoners in the general population can observe, the prison official has acted with deliberate indifference to a substantial risk of serious harm.").

**C. Claim Three**

Plaintiff claims that on March 18, 2026, defendants Bannish, Morrow and Quezada found plaintiff guilty of indecent exposure and put another sex offender sign on plaintiff's door and made plaintiff take a picture with the sign. (ECF No. 13 at 2.) Plaintiff claims that he was not given a chance to attend the disciplinary hearing and a sex offender sign was placed on plaintiff's cell door even before plaintiff was found guilty or given a hearing. (Id. at 2-3.) Plaintiff claims that defendants Bannish, Morrow and Quezada violated plaintiff's due process rights. (Id. at 2.)

Plaintiff appears to claim two alleged due process violations: (1) the sex offender sign was placed on his door prior to his hearing; and (2) he was not allowed to attend his disciplinary hearing. If a liberty interest exists, a prisoner is entitled to due process. See Sandin, 515 U.S. at 484. The only injury plaintiff alleges as a result of the alleged due process violations is that he was labeled as a sex offender. Being classified as a sex offender alone, even with its associated stigma, does not implicate an inmate's protected liberty interest. See Jackson v. Tampkins, 2023 WL 11053248, at *7 (C.D. Cal. Nov. 7, 2023) ("Thus, merely being classified as a sex offender, even with is associated stigma, does not implicate an inmate's protected liberty interest."). For these reasons, this Court finds that plaintiff's due process claim against defendants Bannish, Morrow and Quezada is not potentially colorable as pled.

///

**D. Claim Four**

Plaintiff claims that defendants Sergeant Hord, Hernandez and Morrow retaliated against plaintiff. (ECF No. 13 at 3.) Plaintiff claims that these defendants found plaintiff guilty of a rules violation report on October 14, 2025 for reporting a Prison Rape Elimination Act ("PREA") claim against plaintiff's cellmate. (Id.) Plaintiff claims that he lost C status credits which will impact his release date. (Id.) For the following reasons, plaintiff's retaliation claim against defendants Hord, Hernandez and Morrow is dismissed.

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. See Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005). Plaintiff appears to claim that defendants found plaintiff guilty of a rules violation report in retaliation for plaintiff filing a PREA claim. However, plaintiff fails to plead facts demonstrating how the guilty finding constituted an adverse action. Plaintiff pleads no facts describing the rules violation report. Plaintiff also does not claim, for example, that plaintiff was not guilty of the rules violation report. Plaintiff also does not plead sufficient fails demonstrating that he was found guilty of the rules violation report because plaintiff filed the PREA claim. Plaintiff does not allege when he filed the PREA claim and when he was found guilty of the rules violation report or facts demonstrating that defendants knew of his PREA claim. For these reasons, this Court finds that plaintiff fails to plead a potentially colorable retaliation claim.

In addition, plaintiff's retaliation claim may be barred by the favorable termination role in Heck v. Humphrey, 512 U.S. 477 (1994). Under Heck, a prisoner may not bring a claim under § 1983 that necessarily implies the invalidity of a conviction or sentence until he has succeeded in invalidating the conviction or sentence by other means, such as through the grant of a writ of habeas corpus. See 512 U.S. at 486–87. Heck also applies to § 1983 claims arising from prison

disciplinary proceedings that resulted in a sanction that affects a prisoner's term of confinement, such as the loss of good time credits. "[A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81–82 (2005); see Edwards v. Balisok, 520 U.S. 641, 643-49 (1997) (holding that plaintiff's claim for declaratory relief and money damages against a prison official was barred by Heck because the plaintiff's "allegations of deceit and bias on the part of the decisionmaker ... necessarily impl[ied] the invalidity of the punishment imposed[.]"). Plaintiff claims that as a result of defendants finding plaintiff guilty of the rules violation report, plaintiff lost his C status which impacts his release date. Based on this claim, plaintiff's retaliation claim may be barred by the favorable termination rule in Heck. A finding in plaintiff's favor as to this claim may have an impact on the duration of plaintiff's confinement. If plaintiff files a second amended complaint raising this retaliation claim, plaintiff shall address why this claim is not barred by Heck.

**E. Claim Five**

Plaintiff claims that on May 21, 2026, defendant Hord used excessive force and committed a sexual assault against plaintiff in violation of the Eighth Amendment when he placed plaintiff in a "horse collar." (ECF No. 13 at 3.) Plaintiff claims that defendant Hord grabbed plaintiff, pulled plaintiff back and whispered, "You're gonna get searched by a man today," after plaintiff showed defendant Hord plaintiff's lawsuit and told defendant Hord that plaintiff is non-binary with a female search. (Id.) Defendant Hord grabbed plaintiff by the testicles. (Id.) Plaintiff alleges that he suffered injuries from this event. (Id.)

Plaintiff's claim that defendant Hord whispered in plaintiff's ear, "You're gonna get searched by a man today," disregarded plaintiff's female search order, grabbed plaintiff's testicles and caused plaintiff to suffer injuries, states a potentially colorable Eighth Amendment claim. See Bearchild v. Cobban, 947 F.3d 1130, 1144 (9th Cir. 2020) (sexual assault occurs where a corrections officer "touche[s] the prisoner in a sexual manner or otherwise engaged in sexual

conduct for the staff member's own sexual gratification, or for the purpose of humiliating, degrading, or demeaning the prisoner.").

Plaintiff may also be raising an Eighth Amendment excessive force claim based on the allegations that defendant Hord put plaintiff in a "horse collar" and pulled plaintiff back. "[W]henever prison officials stand accused of using excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is...whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 6-7 (1992). Relevant factors for this consideration include "the extent of injury... [,] the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" Id. (quoting Whitley v. Albers, 475 U.S. 1078, 1085 (1986)). Plaintiff has not pled sufficient facts for this Court to determine whether plaintiff states a potentially colorable Eighth Amendment excessive force claim based on defendant Hord allegedly placing plaintiff in a "horse collar" and pulling plaintiff back. It is unclear what plaintiff means by a "horse collar." The degree of force used by defendant Hord when he pulled plaintiff back is also unclear. Plaintiff also fails to address why defendant Hord used this force. For these reasons, this claim is dismissed.

**F. Claim Six**

Plaintiff raises an Eighth Amendment claim against defendants Officer Gonzales, Schram and Whisler based on the following allegations. Plaintiff claims that plaintiff was forced to live in a cell with an inmate who kept assaulting plaintiff. (ECF No. 13 at 3-4.) Plaintiff claims that when he told defendants, they responded, "We're not breaking up houses" and "We're not doing shit for [plaintiff]." (Id. at 4.) Plaintiff identifies the dates of the incidents described in this claim as May 22, 2026, May 27, 2026 and May 18, 2026. (Id.) Later in the complaint, plaintiff alleges that defendants Officer Gonzales, Schram and Whisler also failed to move him on May 18, 2026, May 19, 2026, and May 21, 2026 after plaintiff had numerous fights with his cellmate and suffered broken bones. (Id. at 7.) Plaintiff claims that these defendants continued to "deny" plaintiff until plaintiff hung himself. (Id. at 8.) Plaintiff also claims that defendant Officer

Gonzales allowed plaintiff to hang himself in front of defendant Officer Gonzales. (Id.) Plaintiff claims that while plaintiff was on active suicide watch, defendant Officer Gonzales said, "cool, go ahead," after plaintiff told him that he was going to kill himself. (Id.) Plaintiff claims that defendant Officer Gonzales left plaintiff for dead and three officers had to cut plaintiff down and revive plaintiff for almost twenty minutes. (Id.) When plaintiff was later admitted to the hospital, defendant Officer Gonzales said, "You're a piece of shit and making my building shit" and "I don't care about you." (Id.) Plaintiff claims that right before plaintiff hung himself, defendant Officer Gonzales was spotted on his cell phone while plaintiff had a noose around his neck. (Id.)

This Court finds that the allegations set forth above state a potentially colorable Eighth Amendment failure to protect claim against defendants Officer Gonzales, Schram and Whisler. This Court also finds that plaintiff states a potentially color Eighth Amendment claim for violation of the right to adequate medical care against defendant Officer Gonzales based on plaintiff's allegations that defendant Gonzales encouraged plaintiff's suicide attempt, failed to intervene and prevent plaintiff's suicide attempt, and failed to "cut plaintiff down" after plaintiff hung himself. See Conn v. City of Reno, 591 F.3d 1081, 1095-98 (9th Cir. 2010), judgment vacated sub nom., City of Reno, Nev. v. Conn, 563 U.S. 915 (2011), and opinion reinstated in relevant part, 658 F.3d 897 (9th Cir. 2011) (police officers' failure to respond to warning signs of suicide, which the court found was a serious medical need, could constitute deliberate indifference); De Vincenzi v. City of Chico, 592 Fed. App'x 632, 634 (9th Cir. 2015) (allegation that officers were aware of plaintiff's suicidal intentions but "consciously ignored" his cries for help was sufficient to survive a motion to dismiss); Rocha v. Kernan, 2019 WL 2949031, at *6 (C.D. Cal. Mar. 13, 2019) ("The Ninth Circuit recognizes that a heightened risk of suicide can present a serious medical need."); Jones v. Kuppinger, 2013 WL 3199320, at *4 (E.D. Cal. June 21, 2013) (plaintiff pled deliberate indifference when defendant knew plaintiff was suicidal but dissuaded other staff from helping and left plaintiff alone in cell for 30 minutes).

**G. Claim Seven**

Plaintiff claims that defendant Schultz violated the Eighth Amendment by allowing inmates to smoke a drug called "spice" openly and housing plaintiff with individuals who smoke

spice in the cell all day. (ECF No. 13 at 8-9.) Plaintiff claims that he has been sexually assaulted by inmates smoking spice. (Id. at 9.) Plaintiff claims that he became sick with headaches from secondhand spice smoke from his cellmates smoking spice. (Id.) Plaintiff claims that he suffers from migraines and coughs up phlegm as a result of being exposed to spice smoke. (Id.) Plaintiff claims that the air ventilation does not work correctly, which increases his exposure to spice smoke. (Id. at 9-10.) This Court finds that plaintiff states a potentially colorable Eighth Amendment claim against defendant Schultz based on plaintiff's exposure to spice smoke. See Jones v. Gittere, 2024 WL 4682352, at *6 (D. Nev. July 11, 2024) ("Jones states a colorable unsafe prison conditions claim based on his exposure to illicit drugs. Liberally construing the allegations in the complaint, Jones was exposed to spice and fentanyl for months, with prison officials doing nothing to remove him from the situation.").

To the extent plaintiff raises an Eighth Amendment failure to protect claim against defendant Schultz based on the allegations that plaintiff has been sexually assaulted by inmates smoking spice, this Court finds that plaintiff does not plead sufficient facts supporting such a claim. Plaintiff pleads no facts demonstrating that inmates smoking spice pose an excessive risk of danger to plaintiff and that defendant Schultz is aware of this danger. See Farmer, 511 U.S. at 834. Accordingly, this claim is dismissed.

**H. Claim Eight**

Plaintiff states that he is raising a failure to protect claim against defendant Captain Gonzales for allowing his staff to illegally label plaintiff as a sex offender, to put a tag on plaintiff's door, and telling plaintiff, "we don't want you here" and "we'll do whatever we can to get you out of here." (ECF No. 13 at 10.) Plaintiff claims that he was hurt and gassed for their evil and malicious actions from March 16, 2026 to March 22, 2026. (Id.)

Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir.

1978). Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient. See Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

This Court finds that plaintiff's claim that defendant Gonzales "allowed" his staff to engage in conduct that put plaintiff in danger is too vague and conclusory to state a potentially colorable Eighth Amendment failure to protect claim. If plaintiff files an amended complaint, plaintiff must describe more specifically how defendant Gonzales allowed his staff to put plaintiff in danger.

**I. Claim Nine**

Plaintiff claims that he is raising an excessive force claim against defendant Gomez. (ECF No. 13 at 4.) Plaintiff claims that defendant Gomez used force against plaintiff on April 30, 2026 under "false pretenses that never occurred." (Id.) This Court finds that plaintiff fails to plead sufficient facts to state a potentially colorable excessive force claim against defendant Gomez. Plaintiff does not describe the force defendant Gomez allegedly used against plaintiff. Plaintiff also fails to explain what he means by defendant Gomez using force against plaintiff under "false pretenses that never occurred." Without further explanation of the circumstances of the alleged use of force, this Court cannot determine whether plaintiff states a potentially colorable Eighth Amendment excessive force claim against defendant Gomez. Accordingly, this claim is dismissed.

**J. Claim Ten**

Plaintiff claims that on or around December 18, 2025, defendant Captain Gonzales "used cruel and unusual punishment and retaliation against plaintiff." (ECF No. 13 at 4.) Plaintiff claims that defendant Captain Gonzales forced plaintiff to live with an inmate who was assaultive and hostile toward plaintiff and staff. (Id.) Defendant Captain Gonzales told the officers to lock plaintiff and the other inmate in "CTQ"[1] and make them figure it out, after multiple incidents. (Id.) This Court finds that plaintiff states a potentially colorable Eighth Amendment failure to

[1] "CTQ" appears to refer to confined to quarters.

protect claim against defendant Gonzales.

Plaintiff also claims that defendant Captain Gonzales violated plaintiff's rights and retaliated against plaintiff when he denied plaintiff good time credits and told the counselor to deny plaintiff good time credits and placement because plaintiff "is a piece of shit who likes to sue." (Id.) Plaintiff claims that defendant Captain Gonzales told plaintiff, "That's how you get hurt." (Id.) Plaintiff claims that he was denied 90 days of good time credits due to "retaliation of my lawsuits and grievances." (Id.)

Plaintiff's retaliation claim against defendant Gonzales appears to be barred by the favorable termination rule of Heck as it involves the alleged loss of good time credits. A finding in plaintiff's favor as to this claim may have an impact on the duration of plaintiff's confinement. Accordingly, plaintiff's retaliation claim against defendant Gonzales is dismissed. If plaintiff raises a retaliation claim against defendant Gonzales in a second amended complaint, plaintiff shall address why this claim is not Heck barred.

**K. Claim Eleven**

Plaintiff alleges that around April 16, 2026, defendants Schultz and Johnson violated the Eighth Amendment and plaintiff's right to due process. (ECF No. 13 at 5.) Plaintiff claims that before his classification committee hearing set for that day, Officer Grace told plaintiff the outcome and plaintiff's placement. (Id.) When plaintiff went to the classification committee hearing, plaintiff told the committee about his single cell chrono and grievance grant from headquarters that said plaintiff shall be given a single cell. (Id.) Plaintiff was called a "needy bitch" and that plaintiff "better learn to fight" and that plaintiff was "going in that cell willingly or by force." (Id.) Plaintiff was later attacked and hurt in that cell. (Id.) Plaintiff claims that defendant Schultz stated, "Sacramento doesn't run this prison, I do." (Id.) Plaintiff claims that his whole classification was violated as well as his grievance grants and medical chrono. (Id.) Later in the amended complaint, plaintiff realleges these claims against defendants Schultz and Johnson. (Id. at 7.)

In claim eleven, plaintiff appears to claim that defendants Schultz and Johnson were members of the classification committee that removed plaintiff's single cell status on April 16,

2026. Plaintiff claims that after the removal of his single cell status, he was attacked and hurt by his cellmate(s). This Court finds that plaintiff states a potentially colorable Eighth Amendment failure to protect claim against defendants Johnson and Schultz.

Plaintiff also appears to argue that the removal of his single cell status on April 16, 2026 violated his right to due process. As discussed above in the section addressing claim one, plaintiff does not have a protected liberty interest in single cell status classification. See Davis, 2025 WL 2521156, at *5; Waters , 2012 WL 484530, at *3. Accordingly, plaintiff does not state a potentially colorable due process claim based on the alleged revocation of his single cell status.

**L. Claim Twelve**

Plaintiff claims that defendants Schultz and doe no. 1 violated plaintiff's rights under the Americans with Disability Act ("ADA") when they took permanent supplies away from plaintiff due to not having the funds to provide them. (ECF No. 13 at 5-6.) Plaintiff claims that he has been suffering ever since and plaintiff's clothing and sheets are stained with feces and blood almost every day. (Id.) Plaintiff claims that he is being denied incontinence showers that go along with plaintiff's incontinence supplies. (Id.)

Title II of the ADA applies to persons incarcerated within state prisons. See Pennsylvania Dept. of Corrections v. Yeskey, 524 U.S. 206, 209-10 (1998); see also Armstrong v. Wilson, 124 F.3d 1019, 1022-23 (9th Cir.1997). To state a claim for violation of Title II of the ADA, a plaintiff must allege four elements: (1) he is an individual with a disability; (2) he is otherwise qualified to participate in or receive the benefit of a public entity's services, programs or activities; (3) he was either excluded from participation in or denied the benefits of the public entity's services, programs or activities or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits or discrimination was by reason of his disability. See Hyer v. City of Honolulu, 118 F.4th 1044, 1065 (9th Cir. 2024) (quotation marks and citation omitted). Further, allegations of inadequate medical care do not state a claim under the ADA. See Simmons v. Navajo County, 609 F.3d 1011, 1022 (9th Cir. 2010) ("The ADA prohibits discrimination because of disability, not inadequate treatment for disability."), overruled in part on other grounds, Castro v. County of Los Angeles, 833 F.3d 1060 (9th Cir. 2016) (en banc);

Bryant v. Madigan, 84 F.3d 246, 249 (7th Cir. 1996) ("[The ADA] would not be violated by a prison's simply failing to attend to the medical needs of its disabled prisoners.... The ADA does not create a remedy for medical malpractice.").

Plaintiff fails to state a potentially colorable ADA claim because plaintiff fails to allege that he was excluded from participation in or denied the benefits of a public entity's services, programs or activities based on denial of access to incontinence supplies and incontinence showers. Plaintiff also fails to allege that he was discriminated against based on his disability. Instead, plaintiff appears to raise a claim alleging inadequate treatment for his disability. Accordingly, plaintiff's ADA claim is dismissed.

**M. Claim Thirteen**

Plaintiff alleges that defendant Rios retaliated against plaintiff. (ECF No. 13 at 6.) Plaintiff claims that defendant Rios threatened plaintiff with a rules violation report and then gave plaintiff a rules violation report for reporting staff misconduct against defendant Hord. (Id.) Plaintiff claims that defendant Rios said to plaintiff, "You better drop that grievance against my sergeant or I'll make your life hell everywhere you go." (Id.) This occurred on May 26, 2026. (Id.)

Plaintiff appears to claim that defendant Rios filed a rules violation report against plaintiff in retaliation for plaintiff reporting staff misconduct against defendant Hord. However, plaintiff fails to demonstrate how the rules violation report filed by defendant Rios constituted an adverse action. See Rhodes, 408 F.3d at 567-68. Plaintiff does not allege, for example, that the rules violation report was false. For this reason, plaintiff's retaliation claim against defendant Rios is dismissed.

**N. Claim Fourteen**

Plaintiff states that he is raising a negligence claim against defendant doe no. 2. (ECF No. 13 at 6.) Plaintiff claims that on October 13, 2025[2], plaintiff repeatedly told defendant doe no. 2 to save plaintiff and remove plaintiff's cellmate. (Id.) Plaintiff's cellmate was sexually

[2] In the amended complaint, plaintiff identifies this date as October 13, 2026. (ECF No. 13 at 6.) It appears that plaintiff meant to identify this date as October 13, 2025.

assaulting plaintiff. (Id.) Defendant doe no. 2 said to plaintiff, "yeah, I'll be right back." (Id.) Defendant doe no. 2 did not return and plaintiff was again sexually assaulted and abused by his cellmate. (Id. at 6-7.)

Under the California Government Claims Act, set forth in California Government Code §§ 810 et seq., a plaintiff may not bring a suit for monetary damages against a public employee or entity unless the plaintiff first presented the claim to the California Victim Compensation and Government Claims Board ("Board"), and the Board acted on the claim, or the time for doing so expired. Compliance with this "claim presentation requirement" constitutes an element of a cause of action for damages against a public entity or official. See State v. Superior Court (Bodde), 32 Cal. 4th 1234, 1244 (2004). Thus, timely presentation of a claim under the Government Claims Act is an element of the cause of action and must be pleaded in the complaint. Id. at 1237, 1240; see also Mangold v. Cal. Pub. Utils. Comm'n, 67 F.3d. 1470, 1477 (9th Cir. 1995). The plaintiff must present facts demonstrating compliance, rather than simply conclusions suggesting as much. See Shirk v. Vista Unified School Dist., 42 Cal. 4th 201, 209 (2007). Such requirements also apply to state-law claims included in a federal action under Section 1983. See Volis v. Housing Auth. of the City of L.A. Emps., 670 F. App'x 543, 544 (9th Cir. 2016); Davis v. Allison, 2023 WL 6796753, at *5 (E.D. Cal. Oct. 13, 2023) (compliance required before suing a state entity or its officers) (citing collected cases), findings and recommendation adopted, 2023 WL 8789296 (E.D. Cal. Dec. 19, 2023). "The fact that a public entity already had notice of potential claims does not excuse a plaintiff's failure to submit the required claim." Est. of McDaniel v. Cnty. of Kern, 2015 WL 7282881, at *3 (E.D. Cal. Nov. 18, 2015); accord City of Stockton v. Superior Court, 42 Cal. 4th 730, 738 (2007). Here, plaintiff does not allege that he filed a claim under the Government Claims Act regarding his state law negligence claim against defendant doe no. 2, as required by the law discussed above. For this reason, plaintiff's negligence claim against defendant doe no. 2 is dismissed.

## IV. PLAINTIFF'S OPTIONS

For the reasons discussed above, this Court finds that the amended complaint states the following eight potentially colorable claims: (1) Eighth Amendment failure to protect claims

against defendant Stratton (claim one), defendant Hunt (claim two), defendants Officer Gonzales, Schram and Whisler (claim six), defendant Captain Gonzales (claim ten) and defendants Johnson and Schultz (claim eleven); (2) Eighth Amendment sexual assault claim against defendant Hord (claim five); (3) Eighth Amendment inadequate medical care claim against defendant Officer Gonzales (claim six); and (4) Eighth Amendment claim against defendant Schultz (claim seven).

For the reasons discussed above, this Court finds that the following claims raised in the amended complaint are not potentially colorable: (1) due process claims against defendant Stratton (claim one), defendants Bannish, Morrow and Quezada (claim three), and defendants Schultz and Johnson (claim eleven); (2) Eighth Amendment verbal harassment claim against defendant Hunt (claim two); (3) retaliation claims against defendants Hord, Hernandez and Morrow (claim four), defendant Captain Gonzales (claim ten) and defendant Rios (claim thirteen); (4) Eighth Amendment excessive force claims against defendant Hord (claim four) and defendant Gomez (claim nine); (5) Eighth Amendment failure to protect claims against defendant Schultz (claim seven) and defendant Captain Gonzales (claim eight); (6) ADA claim against defendants Schultz and doe no. 1 (claim twelve); and (7) negligence claim against defendant doe no. 2 (claim fourteen).

Plaintiff may proceed with the eight claims found potentially colorable above, or he may delay serving any defendant and attempt to state a cognizable claim as to the claims found not potentially colorable. If plaintiff elects to proceed with the eight potentially colorable claims, then within thirty days plaintiff must so elect on the attached form. In this event, the Court will construe plaintiff's election as consent to dismissal of the eleven claims found not cognizable without prejudice. Under this option, plaintiff does not need to file an amended complaint.

Or, plaintiff may delay serving any defendant and attempt again to amend his claims as to the claims found not cognizable. If plaintiff elects to attempt to amend his complaint, plaintiff has thirty days to amend. Plaintiff is not granted leave to add new claims or new defendants.

Any second amended complaint must show the federal court has jurisdiction, the action is brought in the right place, plaintiff has complied with the California Government Claims Act, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for

particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act, or omits to perform an act he is legally required to do that causes the alleged deprivation).

A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000). While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft, 556 U.S. at 678 (quoting Bell Atlantic Corp., 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft, 556 U.S. at 678 (citations and quotation marks omitted). Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth. Id.

An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220; see Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files an amended complaint, the original pleading is superseded. Plaintiff is not granted leave to add new claims or new defendants.

## V. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed June 18, 2026 (ECF No. 11) are vacated.

2. Plaintiff's motion for an extension of time (ECF No. 12) is granted.

3. All claims in the amended complaint but for the eight claims found potentially colorable in this order are dismissed with leave to amend. Within thirty days of service of this order, plaintiff may amend his complaint to attempt to address the pleading defects in those claims found not potentially colorable in this order. Plaintiff is not obligated to amend his complaint.

4. The amended complaint states the following potentially colorable claims for relief: (1) Eighth Amendment failure to protect claims against defendant Stratton (claim one), defendant Hunt (claim two), defendants Officer Gonzales, Schram and Whisler (claim six), defendant Captain Gonzales (claim ten) and defendants Johnson and Schultz (claim eleven); (2) Eighth Amendment sexual assault claim against defendant Hord (claim five); (3) Eighth Amendment inadequate medical care claim against defendant Officer Gonzales (claim six); and (4) Eighth Amendment claim against defendant Schultz (claim seven). See 28 U.S.C. § 1915A. If plaintiff chooses to proceed solely as to such claims, plaintiff shall so indicate on the attached form and return it to the Court within thirty days from the date of this order. In this event, the Court will construe plaintiff's election to proceed forthwith as consent to an order dismissing the defective claims without prejudice.

5. Failure to comply with this order will result in a recommendation that this action be dismissed.

Dated: 08/03/26

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Bett270.ame/2

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOMENIC BETTS,<br>Plaintiff,<br>v.<br>A. GONZALES, et al.,<br>Defendants. | No. 2:26-cv-00270 TLN CSK P<br><br><u>NOTICE OF ELECTION</u> |

Plaintiff elects to proceed as follows:

______ Plaintiff opts to proceed with the following claims: (1) Eighth Amendment failure to protect claims against defendant Stratton (claim one), defendant Hunt (claim two), defendants Officer Gonzales, Schram and Whisler (claim six), defendant Captain Gonzales (claim ten) and defendants Johnson and Schultz (claim eleven); (2) Eighth Amendment sexual assault claim against defendant Hord (claim five); (3) Eighth Amendment inadequate medical care claim against defendant Officer Gonzales (claim six); and (4) Eighth Amendment claim against defendant Schultz (claim seven). Under this option, plaintiff consents to dismissal of the remaining claims in the amended complaint, without prejudice.

**OR**

_____ Plaintiff opts to file a second amended complaint and delay service of process.

DATED:

______________________________________

Plaintiff