UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DOMENIC BETTS,

Plaintiff,

v.

A. GONZALES, et al.,

Defendants.

No. 2:26-cv-00270 TLN CSK P

ORDER

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is plaintiff's motion for temporary restraining order filed September 30, 2026. (ECF No. 20.) For the following reasons, plaintiff is granted thirty days to re-file his motion bearing his signature, the findings and recommendations filed September 17, 2026 are vacated, and plaintiff is granted thirty days to file a second amended complaint.

**I. SEPTEMBER 17, 2026 FINDINGS AND RECOMMENDATIONS**

On August 4, 2026, this Court found that plaintiff's amended complaint filed June 25, 2025 raised the following potentially colorable claims for relief: (1) Eighth Amendment failure to protect claims against defendant Stratton (claim one), defendant Hunt (claim two), defendants Officer Gonzales, Schram and Whisler (claim six), defendant Captain Gonzales (claim ten) and defendants Johnson and Schultz (claim eleven); (2) Eighth Amendment sexual assault claim

against defendant Hord (claim five); (3) Eighth Amendment inadequate medical care claim against defendant Officer Gonzales (claim six); and (4) Eighth Amendment claim against defendant Schultz (claim seven). (ECF No. 15.) This Court granted plaintiff thirty days to either file a second amended complaint or the Notice of Election form notifying the court that plaintiff would proceed on the potentially colorable claims raised in the amended complaint. (Id.) Thirty days passed and plaintiff did not file a second amended complaint or the Notice of Election form. (See Docket.) Accordingly, on September 17, 2026, this Court recommended that this action be dismissed for plaintiff's failure to prosecute. (ECF No. 16.)

On September 28, 2026, plaintiff filed the Notice of Election form indicating that plaintiff would proceed on the potentially colorable claims raised in the amended complaint. (ECF No. 19.) Plaintiff also filed two objections to the findings and recommendations filed September 17, 2026. (ECF Nos. 18, 21.) Good cause appearing, the September 17, 2026 findings and recommendations are vacated.

## II. PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER

On September 30, 2026, plaintiff filed a motion for a temporary restraining order. (ECF No. 20.) In this motion, plaintiff appears to claim that defendants Hord and Officer Gonzales retaliated against plaintiff for filing the instant action and a 602 grievance when they searched his cell and assaulted him on August 18, 2026. (Id. at 3.) Plaintiff claims that on August 18, 2026, defendants Hord and Officer Gonzales searched plaintiff's cell and yelled, "show him how we deny his 602," "deny his 602 Sergeant Hord," and "fuck his 602." (Id.) Plaintiff claims that defendants Hord and Officer Gonzales destroyed plaintiff's property during the search. (Id.) Plaintiff appears to claim that he was subject to further retaliation when defendants Hord and Officer Gonzales assaulted and beat plaintiff when plaintiff later went on suicide watch. (Id.) Plaintiff claims that these defendants wrote a false rules violation report to hide their crimes. (Id.) Plaintiff requests that defendants be ordered to preserve body camera footage, etc. from the August 18, 2026 incident. (Id. at 1-2.) Plaintiff also seeks an order restraining defendants Hord, Officer Gonzales, Captain Gonzales and possibly the other named defendants from escorting, cuffing, strip searching or causing any physical harm to plaintiff. (Id. at 2.)

Plaintiff's motion for temporary restraining order is not signed. Parties proceeding without counsel are required to sign all pleadings, motions, and other papers submitted to the court for filing. Fed. R. Civ. P. 11(a). Thus, the Court is generally unable to consider plaintiff's motion unless he signs and re-files the motion. Plaintiff is provided an opportunity to re-file his motion bearing his signature. Failure to comply with this order will result in an order striking the motion because it is not signed. Fed. R. Civ. P. 11(a).

Given that plaintiff's motion for temporary restraining order makes serious claims, this Court makes the following observations. In order to obtain injunctive relief, plaintiff must demonstrate a nexus between the claims raised in the motion for injunctive relief and the claims set forth in the amended complaint See Saddiq v. Ryan, 703 F. App'x 570, 572 (9th Cir. 2017) (affirming denial of preliminary injunction because the prisoner did not establish a nexus between the claims of retaliation in his motion and the claims set forth in his complaint). While plaintiff appears to claim that defendants Hord and Officer Gonzales searched plaintiff's cell and assaulted plaintiff on August 18, 2026 in retaliation for plaintiff filing the instant action, plaintiff's motion for temporary restraining order does not contain sufficient allegations supporting this claim. In the pending motion, plaintiff claims that defendants Hord and Officer Gonzales made comments regarding a 602 grievance when they searched plaintiff's cell. (ECF No. 20 at 3.) Plaintiff does not claim that this 602 grievance is related to the claims raised in the instant action or that defendants Hord and Officer Gonzales made comments regarding the instant action. Plaintiff's motion for temporary restraining order does not demonstrate that defendants Hord and Officer Gonzales knew of the instant action and were motivated to retaliate against plaintiff for pursuing the instant action when they allegedly searched plaintiff's cell and assaulted plaintiff on August 18, 2026. If plaintiff re-files the pending motion, plaintiff shall provide additional information in support of his claim that defendants Hord and Officer Gonzales searched his cell and assaulted him on August 18, 2026 in retaliation for plaintiff filing the instant action.

This Court also observes that to the extent plaintiff claims that the actions of defendants Hord and Officer Gonzales on August 18, 2026 were not in retaliation for plaintiff filing the instant action, this Court cannot consider plaintiff's motion for injunctive relief premised on these

new claims. See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr., 810 F.3d 631, 636 (9th Cir. 2015) (stating that, although "new assertions of misconduct might support additional claims against a defendant, they do not support preliminary injunctions entirely unrelated to the conduct asserted in the underlying complaint"). Plaintiff's claims raised in the motion for temporary restraining order do not appear related to the conduct asserted in the amended complaint.

## III. LEAVE TO FILE SECOND AMENDED COMPLAINT

On September 28, 2026, plaintiff filed a pleading docketed as "Notice re: Future Amended Complaint." (ECF No. 17.) In this pleading, plaintiff states that he intends to file a second amended complaint to add claims based on the August 18, 2026 incident raised in the motion for temporary restraining order. (Id.) Plaintiff is granted thirty days to file a second amended complaint raising his claims regarding the August 18, 2026 incident. If plaintiff does not file a second amended complaint within that time, this Court will order service of the potentially colorable claims raised in the amended complaint.

If plaintiff files a second amended complaint, plaintiff is informed that a second amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220; see Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original complaint, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files a second amended complaint, the amended complaint is superseded. Plaintiff is granted leave only to add claims regarding the August 18, 2026 incident. Plaintiff's second amended complaint shall not include claims raised in the amended complaint that this Court found were not potentially colorable.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed September 17, 2026 (ECF No. 16) are vacated.

2. Plaintiff is granted thirty days from the date of this order to re-file his motion for temporary restraining order bearing his signature. Failure to comply with this order will result in an order striking the motion for temporary restraining order because it is not signed. Fed. R. Civ. P. 11(a).

3. Plaintiff is granted thirty days from the date of this order to file a second amended complaint. If plaintiff does not file a second amended complaint within that time, this Court will order service of the potentially colorable claims raised in the amended complaint.

Dated: October 2, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Bett270.ord/2