UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOMENIC BETTS,<br>Plaintiff,<br>v.<br>A. GONZALES, et al.,<br>Defendants. | No. 2:26-cv-00270 TLN CSK P<br><br><u>ORDER AND FINDINGS AND RECOMMENDATIONS</u> |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before this Court is plaintiff's second amended complaint and request for issuance of a subpoena, both filed October 15, 2026. (ECF Nos. 23, 25.) For the reasons that follow, plaintiff's request for issuance of a subpoena is denied and this Court recommends dismissal of the Eighth Amendment and due process claims raised in claim ten and the Bane Act claim raised in claim eleven.

## I. SCREENING STANDARDS

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

## II. DISCUSSION RE: SECOND AMENDED COMPLAINT

This Court finds that plaintiff's second amended complaint raises eleven claims.

### A. Claim One

Plaintiff states that he is raising a failure to protect claim against defendant Stratton. (ECF

No. 23 at 3.) Plaintiff claims that he told defendant Stratton that plaintiff was a repeat victim of sexual assault and violence and that Mental Health made plaintiff single cell for plaintiff's protection. (Id.) Defendant Stratton allegedly told plaintiff, "In my prison, everyone become a victim and I'm taking your single cell. You better learn how to fight or use a weapon." (Id.) Custody put an intoxicated, violent inmate in plaintiff's cell who they had watched get high during dayroom. (Id.) Plaintiff appears to claim that he was sexually assaulted by this inmate. (Id.) This Court finds that plaintiff states a potentially colorable Eighth Amendment failure to protect claim against defendant Stratton. See Farmer v. Brennan, 511 U.S. 825, 833 (1994) (Eighth Amendment requires prison officials to take reasonable measure to protect prisoners from violence at the hands of other prisoners).

**B. Claim Two**

Plaintiff states that he is raising failure to protect and discrimination claims against defendant Hunt. (ECF No. 23 at 4.) Plaintiff identifies as transgender. (Id. at 6.) Plaintiff claims that defendant Hunt kept calling plaintiff a "fag," "piece of shit" and "sex offender." (Id. at 4.) Defendant Hunt began writing frivolous and false rules violation reports against plaintiff which were "sex offender" rules violations. (Id.) Defendant Hunt wrote three rules violations in four days. (Id.) Defendant Hunt posted a "sex offender" tag on plaintiff's door which led to plaintiff being targeted, assaulted and gassed by inmates. (Id.) Plaintiff was put in administrative segregation for his safety. (Id.) All of defendant Hunt's rules violation reports against plaintiff vanished. (Id.)

This Court finds that plaintiff states a potentially colorable claim under the Fourteenth Amendment Equal Protection Clause against defendant Hunt based on alleged discrimination against plaintiff based on plaintiff's transgender status. See Groux v. California Prison Authority, 2:23-cv-2831 CSK, 2025 WL 1248797, at *8 (E.D. Cal. Apr. 30, 2025) (quoting Norsworthy v. Beard, 87 F. Supp. 3d 1104, 1119 (N.D. Cal. Mar. 31, 2015) ("[D]iscrimination based on transgender status independently qualifies as a suspect classification under the Equal Protection Clause because transgender persons meet the indicia of a 'suspect' or 'quasi-suspect classification' identified by the Supreme Court."). This Court also finds that plaintiff states a

potentially colorable Eighth Amendment claim against defendant Hunt. See Hackworth v. Arevalos, 2026 WL 2030155, at *7 (E.D. Cal. July 14, 2026) ("When a prison official falsely accuses a prisoner of a sex offense, and the false accusation causes the prisoner to be identified as a sex offender through some other means that other prisoners in the general population can observe, the prison official has acted with deliberate indifference to a substantial risk of serious harm.").

**C. Claim Three**

Plaintiff states that he is raising a failure to protect claim against defendants Correctional Officer Gonzales, Schram and Whisler. (ECF No. 23 at 4.) Plaintiff claims that for weeks, plaintiff asked defendants Correctional Officers Gonzales, Schram and Whisler to move plaintiff due to violence in plaintiff's cell. (Id.) Plaintiff ended up with broken bones. (Id.) Defendants kept telling plaintiff, "we're not doing shit for [plaintiff]," "fuck [plaintiff]" and "we're not breaking up cells." (Id.) Plaintiff eventually had to go to a crisis bed to get out of that cell. (Id.) This Court finds that plaintiff states a potentially colorable Eighth Amendment failure to protect claim against defendants Correctional Officers Gonzales, Schram and Whisler. See Farmer, 511 U.S. at 833.

**D. Claim Four**

Plaintiff states that he is raising an Eighth Amendment claim against defendant Captain Gonzales. (Id. at 4-5.) Plaintiff claims that defendant Captain Gonzales put a violent man in plaintiff's cell three times in one day. (Id. at 5.) The man was violent toward custody staff and plaintiff. (Id.) The man made violent threats to plaintiff and custody staff. (Id.) Defendant Captain Gonzales said, "I don't care," and ordered his officers to confine plaintiff and the violent man to quarters so they could get acquainted. (Id.) After defendant Captain Gonzales left, the man made claims of homicide and violence. (Id.) Custody staff were forced to remove the man after he struck plaintiff with his cane. (Id.) After they took the violent man away, custody staff told plaintiff, "we're sorry…we don't know why the Captain got involved." (Id.) This Court finds that plaintiff states a potentially colorable Eighth Amendment failure to protect claim against defendant Captain Gonzales. See Farmer, 511 U.S. at 833.

**E. Claim Five**

Plaintiff states the he is raising a failure to protect claim against defendants Schultz and Johnson. (ECF No. 23 at 5.) Plaintiff claims that at committee, plaintiff told defendants Schultz and Johnson that plaintiff knew inmate Davis and that plaintiff would get hurt if plaintiff moved in with inmate Davis. (Id.) Plaintiff told defendants Schultz and Johnson that their supervisors ordered that plaintiff's single cell status be reimposed and considered. (Id.) Defendants Schultz and Johnson told plaintiff that they run this prison, not Sacramento. (Id.) Defendants Schultz and Johnson told plaintiff that plaintiff was going in the cell either willingly or forcibly. (Id.) Plaintiff was later forced in the cell and ended up with broken bones. (Id. at 5-6.) This Court finds that plaintiff states a potentially colorable Eighth Amendment failure to protect claim against defendants Schultz and Johnson. See Farmer, 511 U.S. at 833.

**F. Claim Six**

Plaintiff states that he is raising sexual assault and excessive force claims against defendant Hord. (ECF No. 23 at 6) Plaintiff claims that before the incident, defendant Hord verified that plaintiff is a non-binary/transgender inmate with a female search. (Id.) When plaintiff came out of their cell to go to medical, defendant Hord forcibly grabbed plaintiff in a horse collar maneuver and pulled plaintiff toward him. (Id.) When plaintiff told defendant Hord to get female staff to search plaintiff, defendant Hord whispered in a malicious way, "You're going to get searched by a man today." (Id.) Defendant Hord pulled plaintiff into his full grasp and grabbed at plaintiff's private parts. (Id.)

This Court finds that plaintiff states a potentially colorable Eighth Amendment excessive force claim and a potentially colorable Eighth Amendment sexual assault claim against defendant Hord. See Hudson v. McMillian, 503 U.S. 1, 6-7 (1992) (describing legal standard for Eighth Amendment excessive force claim); Bearchild v. Cobban, 947 F.3d 1130, 1144 (9th Cir. 2020) (sexual assault occurs where a corrections officer "touche[s] the prisoner in a sexual manner or otherwise engage[s] in sexual conduct for the staff member's own sexual gratification, or for the purpose of humiliating, degrading, or demeaning the prisoner.").

///

**G. Claim Seven**

Plaintiff states that he is raising an Eighth Amendment inadequate medical care claim against defendant Officer Gonzales. (ECF No. 23 at 6.) Plaintiff claims that while plaintiff was on suicide watch, plaintiff told defendant Officer Gonzales that plaintiff was going to hang himself. (Id.) Defendant Officer Gonzales told plaintiff, "So, I don't care," and continued to play with his cell phone and be inattentive. (Id.) Plaintiff hung himself in front of defendant Officer Gonzales and defendant did nothing. (Id. at 6-7.) Sometime later, plaintiff was found unresponsive with a noose around his neck and had to be cut down. (Id. at 7.) This Court finds that plaintiff states a potentially colorable Eighth Amendment claim against defendant Officer Gonzales for violation of the right to adequate medical care based on plaintiff's claims that defendant Officer Gonzales failed to intervene and prevent plaintiff's suicide attempt and failed to intervene after plaintiff attempted suicide. See De Vincenzi v. City of Chico, 592 Fed. App'x 632, 634 (9th Cir. 2015) (allegation that officers were aware of plaintiff's suicidal intentions but "consciously ignored" his cries for help was sufficient to survive a motion to dismiss); Rocha v. Kernan, 2019 WL 2949031, at *6 (C.D. Cal. Mar. 13, 2019) ("The Ninth Circuit recognizes that a heightened risk of suicide can present a serious medical need."); Jones v. Kuppinger, 2013 WL 3199320, at *4 (E.D. Cal. June 21, 2013) (plaintiff pled deliberate indifference when defendant knew plaintiff was suicidal but dissuaded other staff from helping and left plaintiff alone in cell for 30 minutes).

**H. Claim Eight**

Plaintiff states that he is raising an inadequate medical care claim against defendant Schultz. (ECF No. 23 at 7.) Plaintiff claims that defendant Schultz took plaintiff's incontinence supplies, which plaintiff needs for plaintiff's health problems. (Id.) Plaintiff now has no way to clean up after himself or to prevent accidents. (Id.) Plaintiff's clothing and bedding are always ruined with feces and blood. (Id.) Plaintiff cannot get new clothing or bedding or take a shower after an accident. (Id.) Plaintiff's incontinence supplies were taken away due to funding. (Id.) This Court finds that plaintiff states a potentially colorable claim against defendant Schultz for violation of plaintiff's Eighth Amendment right to adequate medical care. See Colwell v.

Bannister, 763 F.3d 1060, 1066 (9th Cir. 2014) (to state an Eighth Amendment claim for inadequate medical care, a plaintiff must allege that an official "kn[ew] of and disregard[ed] an excessive risk to inmate health and safety.").

**I. Claims Nine**

Plaintiff states that he is raising an excessive force claim against defendants Hord, Gonzales, Regalo and doe no. 1. (ECF No. 23 at 7.) Plaintiff claims that on August 18, 2026, while on his way to suicide watch, plaintiff confronted defendant Hord about searching plaintiff's cell earlier and defendant Hord yelling, "fuck [plaintiff's] 602" and "this is how we deny grievances." (Id. at 7, 8.) Plaintiff told defendant Hord that plaintiff would be suing him. (Id.) Defendant Hord responded, "I already know and don't care." (Id.) Defendants Hord, Correctional Officer Gonzales, Regalo and doe no. 1 then assaulted and beat plaintiff. (Id. at 7-8.) This Court finds that plaintiff states a potentially colorable Eighth Amendment excessive force claim against defendants Hord, Gonzales, Regalo and doe no. 1. See Hudson, 503 U.S. at 6-7.

**J. Claim Ten**

Plaintiff states that he is raising a cruel and unusual punishment claim and a due process claim against defendants Parham, Hord and Regalo. (ECF No. 23 at 8.) Plaintiff claims that he was put in administrative segregation as a disciplinary action stemming from the August 18, 2026 beating. (Id. at 8.) Plaintiff lost time credits, which effect plaintiff's release date, due to the frivolous and malicious rules violation report charged against plaintiff based on the August 18, 2026 beating. (Id.) Plaintiff claims that he has not been found guilty but plaintiff lost good time credits as a result of the malicious rules violation. (Id.) Plaintiff also claims that he lost all privileges and contact with his father who just had a stroke. (Id.)

The grounds of plaintiff's due process claim raised in claim ten are not clear. To the extent plaintiff claims that he received a false rules violation report based on the August 18, 2026 incident, the filing of a false rules violation report by a prison official against a prisoner is not a per se violation of the prisoner's constitutional rights. See Muhammad v. Rubia, 2010 WL 1260425, at *3 (N.D. Cal., Mar. 29, 2010) ("[A] prisoner has no constitutionally guaranteed

immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest. As long as a prisoner is afforded procedural due process in the disciplinary hearing, allegations of a fabricated charge fail to state a claim under § 1983.") (citations omitted); Harper v. Costa, 2009 WL 1684599, at *2 (E.D. Cal., June 16, 2009) ("Although the Ninth Circuit has not directly addressed this issue in a published opinion, district courts throughout California ... have determined that a prisoner's allegation that prison officials issued a false disciplinary charge against him fails to state a cognizable claim for relief under § 1983."). Accordingly, this Court recommends that plaintiff's due process claim raised in claim ten be dismissed.

Turning to plaintiff's Eighth Amendment claim, the treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment. See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994). Prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986), abrogated in part on other grounds by Sandin v. Conner, 515 U.S. 472 (1995). A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm. See Farmer, 511 U.S. at 834. Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind." See id.

While this Court is sympathetic to plaintiff's claim that he is unable to contact his father, claim ten includes no allegations demonstrating that defendants denied plaintiff the minimal civilized measures of life's necessities so as to rise to an Eighth Amendment violation. Accordingly, this Court recommends that the Eighth Amendment claim raised in claim ten be dismissed.

**K. Claim Eleven**

Plaintiff states that he is raising a claim under the Tom Bane Civil Rights Act, Cal. Civ.

Code § 52.1 ("Bane Act") against defendants Parham, Hord, Correctional Officer Gonzales and Regalo. (ECF No. 23 at 8-9.) Plaintiff claims that he submitted his claim on September 23, 2026 to the Government Claim Form Office. (Id.)

Under the California Government Claims Act, set forth in California Government Code §§ 810 et seq., a plaintiff may not bring a suit for monetary damages against a public employee or entity unless the plaintiff first presented the claim to the California Victim Compensation and Government Claims Board ("Board"), and the Board acted on the claim, or the time for doing so expired. Compliance with this "claim presentation requirement" constitutes an element of a cause of action for damages against a public entity or officials. See State v. Superior Court (Bodde), 32 Cal. 4th 1234 1244 (2004). Thus, timely presentation of a claim under the Government Claims Act is an element of the cause of action and must be pleaded in the complaint. See id. at 1237, 1240; see also Mangold v. Cal. Pub. Utils. Comm'n., 67 F.3d 1470, 1477 (9th Cir. 1995).

"The public entity must act on the claim within 45 days after the claim was presented, unless the parties agree to extend the period. (Gov't Code, § 912.4(a), (b).) If the public entity fails to act within the time provided, the claim is deemed rejected ([Gov't Code], § 912.4, subd. (c).) The public entity must provide written notice of its action on the claim or the claim's rejection by operation of law. ([Gov't Code], § 913." County of Los Angeles v. Superior Ct., 159 Cal. App. 4th 353, 360 (2008).

Plaintiff filed his second amended complaint raising his Bane Act claim on October 15, 2026, which is before the 45 day period from the date he allegedly filed his claim on September 23, 2026. Therefore, the time for the Board to act on his claim has not run. Accordingly, plaintiff's Ban Act claim should be dismissed.

**L. Conclusion**

This Court previously screened plaintiff's original and first amended complaints. (ECF Nos. 8, 15.) Because plaintiff has had adequate opportunity to amend his complaint, multiple opportunities to amend their complaint, and it is clear that plaintiff cannot cure the pleading defects discussed above, this Court recommends dismissal of the Eighth Amendment and due process claims raised in claim ten and the Bane Act claim raised in claim eleven without further

leave to amend. See Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012) ("A district court should not dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'") (quoting Schucker v. Rockwood, 846 F.2d 1202-04 (9th Cir. 1998) (per curiam)). This Court separately orders service of those claims raised in the second amended complaint found potentially colorable above.

## III. DOE DEFENDANT

As discussed above, plaintiff states a potentially colorable excessive force claim against defendant doe no. 1 in claim nine. Plaintiff is granted ninety days to discover the identity of this doe defendant. See Crowley v. Bannister, 734 F.3d 967, 978 (9th Cir. 2013) (if identity of defendant is unknown, plaintiff should be given opportunity through discovery to identify the unknown defendant).

Plaintiff may seek to identify the doe defendant by using a CDCR Form 22. Plaintiff might also request copies of other relevant records that may include the actual name of the doe defendant. See, e.g., Thompson v. Allison, 2024 WL 4394759, at *3 (N.D. Cal. Oct. 3, 2024) ("Plaintiff may be able to obtain names of these [John doe] individuals by accessing his classification records or using CDCR Form 22"). Otherwise, plaintiff may request the Court issue a subpoena to obtain the necessary information.

Rule 45 of the Federal Rules of Civil Procedure concerns subpoenas. Plaintiff is advised the Court's authorization of a subpoena duces tecum requested by an in forma pauperis plaintiff is subject to limitations. Because personal service of a subpoena duces tecum is required (Fed. R. Civ. P. 45(b)), "[d]irecting the Marshal's Office to expend its resources personally a subpoena is not taken lightly by the court." Austin v. Winett, 2008 WL 5213414, at *1 (E.D. Cal. Dec. 12, 2008); 28 U.S.C. § 1915(d). Limitations include the relevance of the information sought, as well as the burden and expense to the non-party in providing the requested information. Fed. R. Civ. P. 26, 45.

Plaintiff is granted ninety days in which to discover the identity of the doe defendant. Once plaintiff discovers the identity of this doe defendant, plaintiff shall substitute this defendant's actual name by filing a notice of substitution. See Wakefield v. Thompson, 177 F.3d

1160, 1163 (9th Cir. 1999). If, within ninety days, plaintiff fails to file a notice of substitution that provides the actual name of the doe defendant, this Court will recommend dismissal of this defendant.

**IV. REQUEST FOR SUBPOENA ISSUANCE**

On October 15, 2026, plaintiff filed a subpoena addressed to defendant Schultz requesting Audio-Visual Surveillance ("AVS") and body camera footage of the alleged August 18, 2026 excessive force incident and AVS and body camera footage of the August 18, 2026 search of plaintiff's cell. (ECF No. 25.)

Assuming plaintiff could serve his subpoena on defendant Schultz, see Jacobs v. Advanced Dermatology & Skin Cancer Specialists PC, 2023 WL 8185701, at *4 (D. Ariz. Nov. 27, 2023) (discussing cases finding that Fed. R. Civ. P. 45 does not prohibit service of subpoenas on parties), for the following reasons, plaintiff's request for service of the subpoena is denied. Because plaintiff is proceeding in forma pauperis, he is entitled to obtain personal service of an authorized subpoena duces tecum by the United States Marshal. See 28 U.S.C. § 1915(d). As stated above, "[d]irecting the Marshal's Office to expend its resources personally serving a subpoena is not taken lightly by the court." Austin, 2008 WL 5213414, at *1. The Court will not direct service of a subpoena unless plaintiff demonstrates that the AVS and body camera footage requested in the subpoena is not equally available to him and not obtainable through a properly served discovery request for production of documents. Plaintiff's request for issuance of a subpoena is denied because plaintiff fails to make this showing.[1]

**V. CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff is granted ninety days in which to discover the identity of the doe defendant named in claim nine. Once plaintiff discovers the identity of this doe defendant, plaintiff shall substitute this defendant's actual name by filing a notice of substitution. If, within ninety days, plaintiff fails to file a notice of substitution that provides the actual name of the doe defendant

[1] After defendants appear in this action, this Court will issue a Discovery and Scheduling Order discussing discovery deadlines and procedures.

named in claim nine, this Court will recommend dismissal of this doe defendant.

2. Plaintiff's request for issuance of a subpoena (ECF No. 25) is denied.

Further, IT IS HEREBY RECOMMENDED that the Eighth Amendment and due process claims raised in claim ten and the Bane Act claim raised in claim eleven be dismissed without leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 22, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Bett270.ac/2