UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOMENIC BETTS,<br>Plaintiff,<br>v.<br>A. GONZALES, et al.,<br>Defendants. | No. 2:26-cv-00270 TLN CSK P<br><br><u>ORDER AND FINDINGS AND RECOMMENDATIONS</u> |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. On September 30, 2026, plaintiff filed a motion for temporary restraining order and preliminary injunction. (ECF No. 20.) Because the motion for temporary restraining order and preliminary injunction filed September 30, 2026 was unsigned, on October 2, 2026 this Court granted plaintiff thirty days to re-file his motion for temporary restraining order and preliminary injunction bearing his signature. (ECF No. 22.) On October 15, 2026, plaintiff filed a motion for temporary restraining order and injunctive relief bearing his signature. (ECF No. 24.) Accordingly, plaintiff's motion for temporary restraining order and preliminary injunction filed September 30, 2026 is vacated and, for the reasons discussed below, this Court recommends that plaintiff's motion for a temporary restraining order and preliminary injunction filed October 15, 2026 be denied.

///

## I. LEGAL STANDARD FOR INJUNCTIVE RELIEF

Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the [petitioner] is entitled to such relief." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008) (citation omitted). The standard governing the issuing of a temporary restraining order is "substantially identical" to the standard for issuing a preliminary injunction. See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839 n.7 (9th Cir. 2001). To obtain either form of injunctive relief, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that the balance of equities tips in favor of the moving party; and (4) that an injunction is in the public interest. See Winter, 555 U.S. at 20 (2008). A plaintiff seeking a preliminary injunction bears the burden of proving these elements. See Klein v. City of San Clemente, 584 F.3d 1196, 1201 (9th Cir. 2009).

## II. DISCUSSION

In the pending motion, plaintiff requests that defendants be enjoined from assaulting, maliciously prosecuting, threatening, intimidating and mistreating plaintiff as well as deleting any evidence. (ECF No. 24 at 1-2.) Plaintiff requests that defendants be ordered to retain all Audio-Visual Surveillance ("AVS") and body camera footage from the August 18, 2026 beating of plaintiff and all other misconduct. (Id.) Plaintiff requests that defendants Hord, Correctional Officer Gonzales and Regalo be enjoined from cuffing, escorting, searching, intimidating or harming plaintiff. (Id. at 2.) In an unsigned affidavit attached to the pending motion, plaintiff states that on August 18, 2026, defendants Hord, Correctional Officer Gonzales and their partners assaulted plaintiff and destroyed plaintiff's property in retaliation for a grievance filed by plaintiff "which is a claim in this lawsuit." (Id. at 3.) Plaintiff states, "I guess I was targeted twice for actions on this case." (Id.)

This Court separately issued an order and findings and recommendations screening plaintiff's second amended complaint. In claim nine of the second amended complaint, plaintiff claims that on August 18, 2026, while on his way to suicide watch, plaintiff confronted defendant Hord about searching plaintiff's cell earlier and defendant Hord yelling, "fuck [plaintiff's] 602"

and "this is how we deny grievances." (ECF No. 23 at 7, 8.) Plaintiff told defendant Hord that plaintiff would be suing him. (Id. at 7.) Defendant Hord responded, "I already know and don't care." (Id.) Defendants Hord, Correctional Officer Gonzales, Regalo and doe no. 1 then assaulted and beat plaintiff. (Id. at 7, 8.) This Court found that claim nine raised a potentially colorable Eighth Amendment excessive force claim against defendants Hord, Correctional Officer Gonzales, Regalo and doe no. 1 and ordered service of this claim. In the second amended complaint, plaintiff did not raise a retaliation claim. (See ECF No. 23.)

It appears to this Court that the gravamen of plaintiff's pending motion for injunctive relief is his claim that on August 18, 2026, plaintiff was beaten by defendants Hord, Correctional Officer Gonzales and Regalo. Plaintiff appears to seek orders that would enjoin these defendants from engaging in future harm against plaintiff. "[W]here immediate injunctive relief is sought based on claims that governmental actors or agencies have violated the law in the past, ... Plaintiff must establish that the threat of future or repeated injury is both 'real and immediate,' not just 'conjectural' or 'hypothetical.'" Davis v. Paramo, 2016 WL 5724908, at *5 (S.D. Cal. July 18, 2016) (quoting City of L.A. v. Lyons, 461 U.S. 95, 102 (1983)). Plaintiff does not claim that defendants have threatened to harm him or actually harmed him since August 18, 2026. Plaintiff also pleads no facts from which the Court may infer that any threat of future harm to plaintiff by defendants is real and immediate and not just conjectural or hypothetical. Because plaintiff fails to demonstrate that the threat of future harm by defendants stemming from the alleged August 18, 2026 beating is real and immediate, this Court recommends that plaintiff's motion for temporary restraining order and preliminary injunction be denied.

Plaintiff's request for retention of the AVS and body camera footage from the August 18, 2026 incident and all other misconduct is not properly raised in a motion for injunctive relief. Accordingly, this Court will not address this request in these findings and recommendations.

## III. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for a temporary restraining order and preliminary injunction filed September 30, 2026 (ECF No. 20) is vacated.

Further, IT IS HEREBY RECOMMENDED that plaintiff's motion for a temporary

restraining order and preliminary injunction filed October 15, 2026 (ECF No. 24) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 22, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Bett270.tro(2)/2